Dtjnkin, C.,
dissentiente.
I have not been able to concur in so much of this judgment as renders the defendant liable on account of the sale made in 1845. It is not a question of title. The plaintiffs do not proceed against the purchasers of the property. The defendant is made liable for breach of duty as guardian. Being of opinion that it would be for the benefit of his wards to change the investment of their property, but conscious that this could not be properly done without the sanction of the Court, he made application to the appropriate tribunal for that purpose. ■ An order of the Court was made in October Term, 1845, that the guardian sell the slaves (a woman and two children) on a credit of six months, &c., and report his sales. The guardian, at January Term, 1846, reported his sales which was confirmed by the Court, and the fund has been properly accounted for. The Commissioner, to whom this cause was referred, has reported that the sale was in all respects fair and open, and that, if *330 the negroes brought less than their value (about -which there is much discrepancy in the evidence,) it was from causes with which the guardian had no connexion. He is made liable by the decree solely on the ground that the minors do not appear to have been parties in the petition.
Until within a few years past it was not the practice when a guardian applied to the Court either for instruction, or for a change of his ward’s personal estate, to make his ward a formal party before the Court. Latterly he is usually made a party; and this is done by appointing the crier of the Court, or some other such person, his guardian ad litem, who signs his formal answer sixbmitting his rights. The appointment is commonly made by the Commissioner, and it is very difficult for the Court to do more. After all, the proceeding is necessarily very much under the direction of the guardian. The Court, and its officer, is presumed to examine the evidence as to the expediency of the proposed change of investment, — and this is equally done whether the proceeding be in the name of the guardian alone, or of the guardian and the minor suing by his proehein ami (the guardian), or by the guardian against a formal defendant,- the guardian ad litem. As I have said, the case before us is not a question of antagonistic title, but simply whether the guardian committed a breach of duty in changing the investment of his ward’s property under the sanction of a Court of competent jurisdiction, because it does not appear that his ward was otherwise a party than as represented by his guardian in chief. In the absence of any proof of negligence, or want of good faith, or of improper advantage to himself, on the part of guardian, I am not aware of any case in which he has been held responsible where he has sought and obtained the previous sanction of the proper Court, and I am not willing, against the recommendation of the Commissioner, to render him the victim of what I regard as a very pardonable omission of a merely formal act.

Appeal dismissed.